[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action to quit title comes before the court after the original judgment was reversed by the Appellate Court, and a new trial was ordered. CT Page 4955
The plaintiff claims ownership of a certain tract of land by a warranty deed dated July 24, 1965. The defendant, whose land abuts the westerly side of the plaintiffs', claims that he owns and has legal title to a strip of land beginning eight feet east of the boundary post of the northwest corner of the plaintiffs' property and extending in a southerly direction to the southwest corner of the plaintiffs' land, a strip of land eight feet wide at the northerly border and zero feet at the southerly border.
A careful review of the deed to the plaintiffs' shows that their land extends seventy-five feet from west to east at its northerly side and seventy-five feet along its southerly boundary with a seventy-five foot right of way from the northerly side of the property to a private road known as Mackin Drive, described in the deed as a private right of way leading past the herein described premises to the state highway known as Route 201.
The deed to the defendant's property, recorded on August 2, 1965, describes the boundary as at the northwesterly corner of land formerly owned by Yurkowski (now owned by the plaintiff) thence easterly about eight feet, the last two lines bounded easterly and southerly by land owned by Yurkowski (now the plaintiff); thence northerly ten feet to a bound and the southerly line of said private way. Thus, the defendant has no claim to any land south of the northerly boundary of the plaintiffs' property. He does own a parcel north of the northwest corner of the plaintiffs' land beginning eight feet east of the northwest boundary marker of the plaintiffs' property and extending ten feet north to the southerly line of the private road, a parcel eight feet east and west and ten feet to the north of the marker. All other land belongs to the plaintiff, east and south of the northwest boundary marker of their land which is right feet west of the defendants easterly marker.
In addition, the plaintiffs have a right of way across the eight by ten foot strip owned by the defendant by reason of their deed which describes a right of way for the seventy-five feet east and west at the northerly edge of their property to Mackin Drive, the private right of way.
Judgment will enter for the plaintiffs on the first count of the complaint granting them legal title to the land in dispute. The second count for adverse possession is moot in view of the court's ruling on the first count. Judgment for the defendant on the third count since there was no evidence presented on that CT Page 4956 count. Judgment will enter in favor of the plaintiffs on the defendant's counterclaim because the evidence clearly shows the disputed property belongs to the plaintiffs.
D. Michael Hurley Judge Trial Referee